**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **David William Baggett** | * |
| | * |
|    **Plaintiff,** | * |
| | * |
| **vs.** | *   **Civil Action File No. 4:05-CV-82 (HL)** |
| | * |
| **Amgen, Inc., Immunex Corporation,** | * |
| **Immunex Manufacturing Corporation,** | * |
| **Wyeth, Inc., f/k/a and d/b/a American** | * |
| **Home Products, Wyeth Pharmaceuticals,** | * |
| **Inc., Wyeth-Ayerst Laboratories** | * |
| **Company, and John Doe Manufacturers** | * |
| **A-Z** | * |
| | * |
|    **Defendants** | * |

## STIPULATED PROTECTIVE ORDER

WHEREAS, during the course of this action, the parties or others may be required to produce in discovery information which a party or the person or entity from whom discovery is sought considers to be trade secret or other confidential business, financial, or technical information; information protected from discovery by third party rights of privacy or applicable law; or other trade secret, proprietary, or confidential information; and

WHEREAS, the parties hereto desire to agree to a protective order for the protection of such information, and documents containing such information, during the pendency of this action and thereafter, and also for resolution of other issues which have or may arise in connection with this litigation;

THEREFORE, IT IS ORDERED that:

1.   **Terms:**     The terms defined in this Paragraph shall have the meanings provided.  Defined terms may be used in the singular or plural.

1.1 **"Producing Party"** means the party, or person/entity other than a party, being asked to produce documents or information considered by that party or person to be Confidential Information, or a party asserting a confidentiality interest in information produced by others.

1.2 **"Receiving Party"** means that party/person/entity receiving or requesting production of Confidential Information.

1.3 **"Confidential Information"** means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party reasonably and in good faith judgment believes contains or discloses trade secret or other confidential, non-public, proprietary and/or sensitive information including, but not limited to, financial data, technical information, such as product design and manufacturing techniques or processing information, formulae, research and development information, market and sales analyses, product specifications or controls, product chemistry or manufacturing information, testing procedures, test criteria and results of clinical studies, non-public submissions and communications with the Food and Drug Administration or other U.S., state, local or foreign governmental entities, non-public product comparison information, proprietary or nonpublic commercial information, information involving privacy interests, and commercially and/or competitively sensitive information of a non-public nature, or information received on a confidential basis or subject to a non-disclosure agreement.

1.4 **"Highly Confidential Information"** means any particular Confidential Information that a party believes in good faith is so sensitive that it should not be disclosed to any individual plaintiff or defendant, or to a director, officer, employee, or particular expert or consultant.

1.5    **"Litigation Documents"** means all pleadings, motions, affidavits and related papers, all documents produced or exchanged in the course of this action or any settlement negotiations, all written discovery responses and all transcripts and testimony given in depositions, in hearings or at trial.

1.6    **"Termination"** means the dismissal of this Action, or entry of final judgment or expiration of all periods to appeal or seek judicial review of this action.

2.    **Redaction of Documents**

2.1    Notwithstanding the provisions of paragraph 1 above, Producing Party may redact from any materials any trade secrets, other confidential commercial, financial or technical information, or privacy-related information, including but not limited to:

      (a)    specific dollar amounts;

      (b)    manufacturing dimensions or tolerances;

      (c)    chemical formulas or methods of synthesization;

      (d)    product specifications;

      (e)    product development or potential uses;

      (f)    manufacturing methods and processes;

      (g)    information concerning products not at issue in this Action;

      (h)    names and any information that would identify clinical trial subjects or patients (other than the parties), and any other privacy-related information that is required to be redacted by law (such as 21 C.F.R. 20.63);

      (i)    names and any information that would identify the voluntary reporter or any other person associated with an adverse event involving a human drug, biologic, or medical device product, including, but not limited to, the name, address, institution, or any other information that would lead to the identities of the reporter or the persons identified in the report, and any other privacy-related information that is required to be redacted by law (such as 21 C.F.R. 20.63); and

(j)      any other information protected from disclosure by statute.

2.2      Any discovery materials so redacted shall have "REDACTED" stamped on each page from which material or information has been redacted.  If an entire document is redacted, Producing Party shall provide a redaction log or other method of identifying the document.

2.3      If there is a dispute whether any redacted material qualifies for redaction under this paragraph, counsel may move for ruling, which may require this Court's *in camera* inspection of a document on the issue of whether certain information is entitled to redaction.

3.      **Reading Room:**      In order to facilitate timely disclosure of large numbers of documents that may contain confidential documents, but which have not yet been reviewed and marked, the following "Reading Room" provisions may be utilized.

3.1      Documents may be produced for review at a party's facility or other controlled location (the "Reading Room"), prior to designation as CONFIDENTIAL OR HIGHLY CONFIDENTIAL.  After review of these documents, the Receiving Party may specify those for which further production is requested.  The Producing Party shall then copy the requested documents for production.  To the extent any of the requested documents warrant a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, the copies shall be so marked prior to further production.

3.2      Unless otherwise agreed or ordered, copies of Reading Room documents shall be requested within twenty days of review in the Reading Room and shall be produced within forty-five days after the request is made.

3.3      The Producing Party shall maintain a log of persons who have reviewed documents in the Reading Room and the dates and time of their presence.

3.4     The production of documents for review within the confines of a Reading Room shall not be deemed a waiver of any claim of privilege or confidentiality, so long as the reviewing parties are advised that the Reading Room production is pursuant to this provision and that the Reading Room may contain privileged or confidential materials that have not yet been marked as privileged or confidential.

3.5     Until such time as further production is made of documents reviewed in a Reading Room, the reviewing party shall treat all material reviewed as if it was marked HIGHLY CONFIDENTIAL at the time reviewed.

4.      **Use of Confidential Information**

4.1     All documents and information designated in good faith by a party to the Action as Confidential Information or Highly Confidential Information shall be used solely for the purposes of this "Action" and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, product development, intellectual property development, or in any other legal proceeding, action or matter and shall not, directly or indirectly, in whole or in part, be revealed or disclosed, or made available for inspection or copying to persons other than "qualified persons" as defined in paragraphs 4.2 and 4.3, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto).  The parties shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.  This "Action" specifically refers to the pretrial proceedings and trial or settlement including any appeal of David William Baggett v. Amgen Inc., et al., United States District Court for the Middle District of Georgia, Columbus Division, Case No. 4:05-CV-82 (HL).

4.2     "Qualified Person" for Confidential Information means:

(a)     Counsel of record in this action and such partners, associate attorneys, paralegal assistants and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense or settlement of this action;

(b)     Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

(c)     Any party, including employees of a party, but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;[1]

(d)     Any expert or consultant, including any employees thereof, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action, provided that:  (i) such expert is not currently an employee, officer, or director of any competitor[2] of any named defendant and does not routinely act as a consultant to any pharmaceutical or biotechnology company that is a competitor of any named defendant, and (ii) each such expert has read this Stipulated Protective Order in advance of disclosure and undertakes in writing to be bound by its terms.  A copy of such writing shall be furnished to the producing party on reasonable request as set forth in paragraph 4.4, except consulting experts shall not be disclosed.  For good cause shown, the Producing Party may ask the Court to order the identification of such consulting experts;

---

[1]     At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and Agreement to Maintain Confidentiality (Attachment A hereto), counsel shall complete a certification in the form shown at Attachment B hereto.  Counsel shall retain the certification together with the form signed by the party or employee.

[2]     Defendants' competitors include the entities listed on Attachment C.

(e)     The Court or any other Court having jurisdiction over discovery procedures in this Action;

(f)     Any person designated by the Court in the interest of justice, upon such terms as the Court, may deem proper;

(g)     Any court reporter or typist recording or transcribing testimony in this Action and any outside independent reproduction firm;

(h)     Any person who was the author, recipient or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition or during the course of preparation for trial or deposition;

(i)     In-house counsel for a party;

(j)     In the event that any of the foregoing persons ceases to be engaged in the preparation of this Action, access by such person(s) to discovery material designated as Confidential or Highly Confidential shall be terminated.  Any such material in the possession of any such person(s) shall be returned or destroyed.  The provisions of this Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

4.3     "Qualified Person" for Highly Confidential Information means only those persons described in sub-paragraphs 4.2 (a), (d), (e), (f), (g), (h) and (i).

4.4     No person receiving discovery material or transcript designated as Confidential or Highly Confidential shall disclose it or its contents to any person other than those described in paragraphs 4.2 or 4.3.  No such disclosure shall be made for any purposes other than those specified in Paragraphs 4.1, 4.2 and/or 4.3, and in no event shall such person make any other use of such discovery material or transcript.  Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Order from all persons to whom any discovery

material or transcript so designated is disclosed.  Such written agreement shall be obtained by securing the signature of any recipient of such discovery material or transcript at the foot of Attachment A to this Order after having such recipient read the Order and having explained its contents to such recipient.  Counsel shall be responsible for maintaining a list of all persons to whom any discovery material or transcript so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court.

      4.5     Before disclosing any Confidential Information to any person listed in sub-paragraph 4.2(b) who is a competitor (or employee of or consultant to a competitor) of Wyeth (f/k/a American Home Products Corporation), Wyeth Pharmaceuticals Inc., (hereinafter collectively referred to as "WPI"), AMGEN INC., IMMUNEX CORPORATION, and/or IMMUNEX MANUFACTURING CORPORATION, the parties shall give at least ten days' advance notice in writing to counsel for AMGEN INC., IMMUNEX CORPORATION, IMMUNEX MANUFACTURING CORPORATION and/or WPI, stating the names and addresses of the person(s) to whom the disclosure will be made, and stating the purpose of such disclosure.  If within the ten-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until and unless the Court denies such motion.  If AMGEN INC., IMMUNEX CORPORATION, IMMUNEX MANUFACTURING CORPORATION and/or WPI has reason to believe that a competitor has improperly acquired or learned of Confidential or Highly Confidential Information, upon written demand from AMGEN INC., IMMUNEX CORPORATION, IMMUNEX MANUFACTURING CORPORATION and/or WPI, the Receiving Party shall reveal to AMGEN INC., IMMUNEX CORPORATION, IMMUNEX MANUFACTURING CORPORATION and/or WPI whether Confidential or Highly Confidential Information was disclosed to any officer, director, employee or consultant of such competitor. Such request may only be made by AMGEN INC., IMMUNEX CORPORATION, IMMUNEX

MANUFACTURING CORPORATION and/or WPI upon a good faith belief that information has been improperly received by a competitor and AMGEN INC., IMMUNEX CORPORATION, IMMUNEX MANUFACTURING CORPORATION and/or WPI shall disclose the reasons for such belief.

      4.6     All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as confidential under this Order or any portion of such a document, shall be immediately affixed with the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the words do not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

      4.7     Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Order.

5.      **Designation of Confidential Information**

      5.1     **Documents.**  Any Producing Party may, in good faith, designate Confidential Information or Highly Confidential Information contained in a document or thing specifically by either marking the document or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or by designation, in writing, identifying the Bates stamp number which has been assigned to the document or thing.  Documents shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents except for documents produced for inspection under the "Reading Room" provisions set forth in paragraph 3 above, which may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" subsequent to their production.

      5.2     **Depositions.**  Any Producing Party may, in good faith, designate information or documents disclosed during deposition as Confidential Information or Highly Confidential

Information by indicating on the record at the deposition that the entire deposition testimony, or

any specified part of the testimony given or to be given, and/or all or any part of the document or

thing marked for identification at such deposition is Confidential Information or Highly

Confidential Information subject to the provisions of this Stipulated Protective Order.  Within

thirty days after receipt of a deposition transcript, any Producing Party may specifically designate

information not previously designated as confidential as Confidential Information or Highly

Confidential Information, by notifying all parties in writing of any specific pages and lines of the

transcript which contain the Confidential Information or Highly Confidential Information.  Each

party shall attach a copy of such written statement to the face of the transcript and each copy

thereof in its possession, custody or control.

      5.4    **Interrogatories.**  Any party may, in good faith, designate Confidential

Information or Highly Confidential Information contained in response to an interrogatory by

designating the responses Confidential, or the Receiving Party otherwise shall be advised in

writing of such confidential status, and the information may be served and filed in a separate

document if desired.

      6.    **Mistake or Inadvertence.**  Notwithstanding the procedure set forth in paragraph 5,

above, documents or other discovery materials produced and not designated as CONFIDENTIAL

or HIGHLY CONFIDENTIAL through mistake or inadvertence shall likewise be deemed

confidential upon notice of such mistake or inadvertence.  Moreover, where a Producing Party

has inadvertently produced a document which the Producing Party later claims should not have

been produced because of privilege, the Producing Party may require the return of any such

document within 10 days of discovering that it was inadvertently produced (or inadvertently

produced without redacting the privileged content).  A request for the return of any document

shall identify the document by Bates number and the basis for asserting that the specific

document (or portions thereof) is subject to the attorney-client privilege, the work product

doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting

that the production was inadvertent, and the date of discovery that there had been an inadvertent

production.  The inadvertent production of any document which a Producing Party later claims

should not have been produced because of a privilege will not be deemed to be a waiver of any

privilege to which the Producing Party would have been entitled had the privileged document not

inadvertently been produced.  If a Producing Party requests the return, pursuant to this paragraph,

of any such document from another party, the party to whom the request is made shall within 10

days return to the requesting party all copies of the document within its possession, custody, or

control – including all copies in the possession of experts, consultants or others to whom the

document was provided.  In the event that only portions of the document contain privileged

subject matter, the Producing Party shall substitute a redacted version of the document at the time

of making the request for the return of the requested document.  In the event the Receiving Party

contests the claim of privilege or inadvertent production, the Receiving Party shall file a motion

within 10 days after the return of the document to obtain a court determination that the document

is not privileged.


7.      **Challenge of Designation.**  The Receiving Party shall not be obligated to challenge the

propriety of the Confidential Information designation at the time made or upon a submission to

the Court.  In the event a party disagrees at any stage of these proceedings with the Producing

Party's designation of Confidential Information, the parties shall first try to dispose of such

dispute in good faith on an informal basis.  A party who contends that documents designated

Confidential are not entitled to confidential treatment shall give written notice to the party who

affixed the designation of the specific basis for the challenge.  The party who so designated the documents shall have 15 days from service of the written notice to determine if the dispute can be resolved without judicial intervention.  If a dispute cannot be informally resolved, the Receiving Party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that the information is entitled to confidentiality protection unless otherwise provided by the applicable law.  The Confidential Information shall remain Confidential and under the status given to it by the designating party unless and until:  (1) the party who claims that the documents are confidential withdraws such designation in writing; or (2) the Court rules that the documents should no longer be designated as confidential information.

8.    **Court Filings.**  In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including:  (1)  filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, filing the documents in a sealed envelope (or other appropriately sealed container), which shall be endorsed with the title of this action, an indication of the nature of the contents of such sealed envelope or container, and the phrase "CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER."  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if

some measure less restrictive than filing the document under seal may serve to provide adequate protection.

9.      **Subpoena by the Courts or Agencies.**  If another court or an administrative agency subpoenas or orders production of Confidential or Highly Confidential Documents that the parties have obtained under the terms of this Order, the parties shall promptly notify AMGEN INC., IMMUNEX CORPORATION, IMMUNEX MANUFACTURING CORPORATION and WPI of the pendency of such subpoena or order.

10.     **Client Consultations.**  Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential or Highly Confidential Documents; provided, however, that rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 4.

11.     **Use**.  Persons obtaining access to Confidential or Highly Confidential Documents under this Order shall use the information only for preparation and trial of this case, and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

12.     **Treatment on Conclusion of Litigation.**

        12.1    **Non-Termination.**  The provisions of this Order shall not terminate at the conclusion of this action.  This Order shall remain in full force and effect and each person subject

to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Order.

        12.2   **Return of Confidential Documents**.  Within 120 days after final conclusion of all aspects of this lawsuit, including conclusion of any appeal, all Confidential or Highly Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the Producing Party unless:  (1) the parties stipulate to destruction in lieu of return at the cost of the Receiving Party or (2) as to documents containing the notations, summations, or other mental impressions of the Receiving Party, that party elects destruction.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 150 days after final conclusion of this litigation.

13.      **Modification Permitted.**  Nothing in this Order shall prevent a party from seeking modification of this Order, or from objecting to discovery that it believes otherwise to be improper.

14.      **Responsibility of Attorneys.**  The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Documents and Highly Confidential Documents.  Parties shall not duplicate any Confidential or Highly Confidential Document except working copies and for filing in court under seal.  All copies made of Confidential or Highly Confidential Documents shall bear the appropriate confidential designation.

15.     **No Waiver.**

15.1     Review of the Confidential Information or Highly Confidential Information by counsel, experts, or consultants for litigants in the lawsuit shall not waive the confidentiality of the documents or objections to production.

15.2     The inadvertent, unintentional, or *in camera* disclosure of Confidential or Highly Confidential Documents and information shall not, under any circumstances, be deemed a waiver in whole or in part, of any party's claims of confidentiality.

15.3     Nothing contained in this Stipulated Protective Order shall constitute a waiver of, or otherwise prejudice, the Producing Party's right to protect from disclosure any information based on any applicable privilege, right of privacy, trade secret protection or other statutory common law immunity.

16.     Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the Confidential or Highly Confidential Documents and information sought.

17.     **Persons Bound**.  This Order shall take effect when entered and shall be binding upon: (1) counsel who have signed below and their respective law firms and (2) their respective clients.

IT IS SO STIPULATED.                    DATED: <u>January6, 2006</u>

s/Jerry A. Buchanan
Jerry A. Buchanan, Esq.
Georgia Bar No. 092200
Benjamin A. Land, Esq.
Georgia Bar No. 432825
BUCHANAN & LAND, LLP
P. O. Box 2848
Columbus, GA  31902
(706) 323-2848
Fax (706) 323-4242
Attorneys for Defendants Amgen Inc.,
Immunex Corporation, and
Immunex Manufacturing Corporation

Richard A. Childs
Richard A. Childs, Esq.
Georgia Bar No. 124600
18 Ninth Street
Suite 300
P. O. Box 1625
Columbus, GA  31902
(706) 660-8715
Fax (706) 322-2457
Attorneys for Plaintiffs

 _s/ Stephen M. Brooks
Stephen M. Brooks, Esq.
Georgia Bar No. 085151
NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309-3964
(404) 817-6000
Fax (404) 817-6050

Michael W. Hogue, Esq. (Georgia Bar No. 366038)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Meridian, Suite 1700
1320 Main Street
Columbia, SC  29201
(803) 255-9514
Fax (803) 256-7500
Counsel for Defendants Wyeth,
Wyeth Pharmaceuticals Inc.,
and all purported Wyeth Defendants

Pursuant to Stipulation
**SO ORDERED,** this the 10th day of January, 2006**.**


/s/ Hugh Lawson
**HUGH LAWSON, Judge**